**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHALAN SAMONA,

    Plaintiff,

v.                                            Case No. 10-13691

ROBERT BRADLEY,

    Defendant,

                                               /

**ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE**
**CLERK'S ENTRY OF DEFAULT**

Before the court is Plaintiff's motion to set aside an entry of default. Plaintiff Shalan Samona commenced the above-captioned case by filing a complaint in this court on September 16, 2010. Defendant Robert Bradley was served two days later on September 18, 2010. After Defendant failed to answer or otherwise defend, the Clerk of the Court entered default against Defendant on October 20, 2010. Judgment has not been entered. On December 21, 2010, Plaintiff filed the instant motion to set aside the default entry, asserting that Plaintiff has entered into discussions with Defendant regarding this matter. Defendant has not filed a response. For the reasons discussed below, the court will grant Plaintiff's motion.

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause." When evaluating a motion to set aside a default, the court should consider three factors:

    (1)    whether the default was the result of the defendant's willful or culpable conduct;

>  (2)   whether the plaintiff would be prejudiced by setting aside the default; and
>
>  (3)   whether the defendant presented any meritorious defenses following the default.

See *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1989). "[T]he district court enjoys considerable latitude under the 'good cause shown' standard of Rule 55(c) to grant a defendant relief from a default entry." *O.J. Distributing*, 340 F.3d at 353 (internal quotation marks and citations omitted). The Sixth Circuit has further stated:

> Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits . . . . Since the interests of justice are best served by a trial on the merits, only after a careful study of all relevant considerations should courts refuse to open default judgments.

*United Coin*, 705 F.2d at 846 (quoting *Tozer v. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951)) (internal citations omitted).

In the instant motion, Plaintiff asserts that no prejudice will be incurred by granting the motion. Certainly, the court is persuaded that Plaintiff will not be prejudiced by the granting of its own motion, nor is it the court's role to protect a represented party from its own decisions. The court need delve no deeper into the issue of prejudice. Additionally, the court may infer from Plaintiff's statement that he is in "substantive discussions" with Defendant that Defendant may have meritorious defenses to Plaintiff's claims. In the absence of any discussion by the parties of willful conduct by Defendant that led to the default entry, the court finds Plaintiff has shown good cause to grant the instant motion. Accordingly,

2

      IT IS ORDERED that Plaintiff's motion to set aside clerk's entry of default [Dkt. # 14] is GRANTED.

                                    s/Robert H. Cleland
                                    ROBERT H. CLELAND
                                    UNITED STATES DISTRICT JUDGE

Dated: January 24, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 24, 2011, by electronic and/or ordinary mail.

                                    s/Lisa Wagner
                                    Case Manager and Deputy Clerk
                                    (313) 234-5522